Alvin L. BREEN and Herbert G. Lauterbach, Appellants,

v.

Edward S. COBB and Carl F. Jackson, Appellees.

Edward S. COBB and Carl F. Jackson, Appellants,

v.

Alvin L. BREEN and Herbert G. Lauterbach, Appellees.

Patent Appeal Nos. 9005, 9006.

United States Court of Customs and Patent Appeals.

Nov. 21, 1973.

Vincent L. Barker, Jr., Toledo, Ohio (Owen & Owen, Toledo, Ohio), attorney of record for Cobb and Jackson, Staelin & Overman, Charles F. Schroeder, Toledo, Ohio, of counsel.

Norris E. Ruckman, A. Newton Huff, Wilmington, Del., attorneys of record, for Breen and Lauterbach, Gerald A. Hapka, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

MARKEY, Chief Judge.

These are consolidated appeals from the decision of the Board of Interferences in Interference No. 96,574, awarding priority as to counts 1 and 7 to Cobb and Jackson (Cobb) and priority as to counts 2–6 and 8 to Breen and Lauterbach (Breen). We affirm.

The invention relates to an air jet device for texturizing yarn.

The issue in appeal number 9005 is whether the drawings of Breen's earlier applications provide support for counts 1 and 7. The issue in appeal number 9006 is whether Breen was properly awarded the benefit of a prior "grandparent" application when the notice of interference did not mention a bridging "parent" application.

### OPINION

Counts 1 and 7 contain specific limitations, of which that in count 1 is illustrative:

* * * the axis of said nipple outlet passage being laterally offset in respect to the axis of the common cylindrical outlet an amount less than half the difference in diameters of said outlet passage and said common cylindrical outlet.

The written descriptions in the earlier Breen applications describe the nipple outlet passage only as "eccentric" or "slightly off-center" with respect to the common outlet. Breen argues, however, that the count, including the above-quoted phrase, "reads on" the drawings, particularly Figure 7 (reproduced below) of the parent application, and that the count is therefore supported by the drawing:

FIG. 7

As stated in In re Reynolds, 443 F.2d 384, 58 CCPA 1287 (1971), on which Breen relies, a drawing may provide support for a claim. Unlike the situation in that case, however, the drawings herein do not present to the skilled artisan a teaching of any particular relationship between the amount or degree of nipple offset and the wall of the common cylindrical outlet. As the board noted, Figure 9 of the Breen grandparent application is inconsistent with Figure 7 of the parent application. In neither case does the drawing convey to those skilled in the art anything more than the fact of offset. That the count may "read on" Figure 7 does not establish that the figure would constitute an adequate disclosure of the specific limitation of the count. The skilled artisan, if he noted the amount of offset in any of the drawings at all, would regard the showing as accidental or arbitrary. Hence the drawings fail to support the final portions of counts 1 and 7 and the

decision of the board in appeal number 9005 must be affirmed.

■ Breen was awarded the benefit of a grandparent application in the notice of interference, which in pertinent part read:

Applicants:

Alvin L. Breen and Herbert G. Lauterbach 410 Shipley Road, Wilmington, Del. 19809; and 2300 Riddle Avenue, Wilmington, Del. 19806 Ser. No. 721,403 filed April 15, 1968 Accorded benefit of Ser. No. 698,103 filed November 22, 1957

For: PROCESS AND APPARATUS

The Breen grandparent application serial No. 698,103 was abandoned prior to the filing of the involved grandchild application serial No. 721,403. Cobb, accordingly, moved to dissolve, citing a British patent as a statutory bar and asserting that Breen was not entitled to the benefit of the grandparent application because Breen's intermediate or parent application serial No. 43,897 was not specified in the notice and was not added by Breen under Rules 224 and 231. The examiner denied Cobb's motion.

The board found a sufficient showing in the record to justify, under Rule 258 (b), the consideration of Breen's right to the benefit of application serial No. 43,897 and held that the examiner, in awarding the benefit of the grandparent application, must be presumed to have considered the parent application to have bridged the hiatus between the grandchild and grandparent applications. The examiner's decision on the motion was also cited as evidencing his consideration of Breen's right to rely on the parent application. In view of the notice of interference given, the board found Breen to have been justified in not moving under Rule 231(a)(4) to obtain the benefit of the parent.

We agree with the board. Without incorporation of the parent application in the notice of interference, there could have been no interference. Cobb relies heavily on Myers v. Feigelman, 455 F.2d 596, 59 CCPA 834 (1972), decided after the board's decision herein. In *Myers*, however, the original notice of interference did not specify *any* prior application and the examiner accorded the benefit of a prior application only in the denial of a motion to dissolve. Here there was an award of the benefit of a prior application in the original notice and the required bridging application serial No. 43,897 was identified in the involved application. Admittedly, Cobb was not prejudiced. It is true that we adopted, in *Myers*, the First Assistant Commissioner's view that a rigid adherence to the rules, absent special circumstances which might justify their waiver under Rule 183, was necessary to provide an orderly procedure, even though no special damage occurred from their waiver.

Under the circumstances here present, we do not consider that a waiver of the rules occurred or is required. The purpose of Rule 224 was fully accomplished when the notice of interference set forth the award of the benefit of application serial No. 698,103. That notice necessarily and inherently included the bridging application serial No. 43,897 required to make the notice effective. In *Myers* there was no indication in the notice of interference of any award and thus nothing into which a missing application could be considered as incorporated. The notice of interference in *Myers* was complete in itself, requiring nothing more to make it effective. We do not disturb the holding in *Myers*, but we decline to extend it to the circumstances of this case. Accordingly we affirm the decision of the board in appeal number 9006.

Affirmed.