**In re Joseph L. BERKMAN**

**Appeal No. 80–598.**

United States Court of Customs and Patent Appeals.

Feb. 26, 1981.

Rehearing Denied April 9, 1981.

---

**428**

James E. Siegel, Henry A. Marzullo, Jr., Myron Greenspan, Scarsdale, N. Y., for appellant.

Joseph F. Nakamura, Sol., Washington, D.C., for Patent & Trademark Office; Gerald H. Bjorge, Washington, D.C., of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, MILLER, and NIES Judges.

MARKEY, Chief Judge.

Berkman appeals the Patent and Trademark Office Board of Appeals (board) decision affirming the rejection of claims 21–31 under 35 U.S.C. § 102(b). We *affirm.*

## BACKGROUND

On February 15, 1974, Berkman filed two design patent applications claiming designs for a carrying and storage case for tape cartridges and cassettes. Design patents 249,743 and 249,823 were issued on those applications on September 26 and October 3, 1978 respectively.

Berkman filed a utility patent application on March 24, 1975, disclosing and claiming a "CASE AND INSERT FOR DIFFERENTLY SIZED MAGNETIC TAPE ENCLOSURES."

Berkman then filed, on November 24, 1976, the utility application at issue here entitled "CASE AND INSERT, AND INSERT FOR DIFFERENTLY SIZED MAGNETIC TAPE ENCLOSURES." It discloses and claims the insert, which was claimed in combination with a case in the earlier filed utility application, and also contains claims drawn to the insert and case combination. During prosecution, Berkman said the second utility application was a continuation-in-part of both the earlier utility application and the two design applications.[1]

The examiner allowed claims in the application here involved, but stated that it could not be considered a continuation-in-part of the earlier filed design applications for two reasons: (1) the disclosure in the present utility application is not the same as that in the design applications, and (2) the logic of Manual of Patent Examining Procedure (MPEP) 201.06, which states that a design application may not be considered a division of a utility application, would preclude a utility application's being a continuation-in-part of a design application.

In requesting the examiner's reconsideration, Berkman said the present utility application, directed to the insert, if not entitled to the benefit of his design application filing date should be rejected under 35 U.S.C. § 102(b), because the invention had been on sale for more than one year before the filing date of the present utility application.[2]

---

1. Apparently there was no objection raised to a grant of the filing date of the earlier utility application. That application issued as U. S. patent number 4,003,468 on January 18, 1977. Berkman is apparently not satisfied with the benefit of the filing date of the application on which patent number 4,003,468 issued and seeks the filing date of the design applications.

2. Berkman did not disclose the date on which the invention was first placed on sale. His brief before this court states that his earlier utility application which matured into patent

The examiner rejected the claims under § 102(b), and again denied the application status as a continuation-in-part. Berkman appealed to the board.

Agreeing with both grounds stated by the examiner, the board affirmed the rejection, and entered a double patenting rejection under 37 CFR 1.196(b).

Berkman filed a terminal disclaimer and requested reconsideration by the board. In view of the terminal disclaimer, the board withdrew the double patenting rejection but held that Berkman's design applications do not sufficiently disclose the claimed utility invention to entitle him to the benefit of the earlier filing date under 35 U.S.C. § 120, and adhered to its view that a utility application could not be a continuation-in-part of a design application.

## ISSUE

The dispositive issue is whether the design applications sufficiently disclose the invention now claimed in the Berkman utility application at bar.[3]

## OPINION

Under 35 U.S.C. § 120, an applicant is entitled to claim the benefit of the filing date of an earlier application for a later-claimed invention only when that earlier application discloses that invention in the manner required by 35 U.S.C. § 112 first paragraph. Such disclosure requires a written description of the invention, of the manner and process of making and using it, and of the best mode contemplated by the inventor of carrying out his invention.

This court has held that drawings may be used to satisfy the disclosure requirement. *See: Breen v. Cobb*, 487 F.2d 558, 559, 179 USPQ 733, 734 (CCPA 1973), *In re Reynolds*, 58 CCPA 1287, 1293, 443 F.2d 384, 388, 170 USPQ 94, 98 (1971), *In re Wolfensperger*, 49 CCPA 1075, 1081, 302 F.2d 950, 955, 133 USPQ 537, 542 (1962).

To determine whether the invention claimed here is disclosed in appellant's design application drawings, the claims and drawings must be compared. The relevant design drawings are:

The invention claimed in the present application is the insert. Claim 21 is exemplary:

21. An insert adapted for use in a case or other receptacle and for interchangeably receiving and storing two differently sized magnetic tape enclosures having generally rectangular configurations, the first enclosure having a smaller width and a greater thickness than corresponding dimensions of the second enclosure, and having a height greater than the height of the second enclosure; the insert comprising a compartmented form having a plurality of tandem storage compartments each of which is adapted to interchangeably receive a first or a second dimensioned magnetic tape enclosure, each compartment being generally retangular [sic] in configuration and bounded on two sides by two substantially parallel wall portions spaced from each other a first predetermined distance approximately equal to the width of the first enclosure to securely receive the same therebetween and a further wall portion substantially normal to said parallel wall portions, each compartment being open on the side thereof opposite said further wall portion for receiving the enclosures; and guide means at least partially bound-

---

4,003,468 would be entitled to the filing date of his design applications if the application at issue here were so entitled.

3. In view of our holding with respect to disclosure, we do not reach the issue of whether a utility application can be a continuation-in-part of a design application.

ing said wall portions of each compartment to define a space having a thickness equal to a second predetermined distance approximately equal to the thickness of the first enclosure for guiding the first enclosures into said compartments and preventing the first enclosures from moving therein, an elongate rectangular recess provided in at least one of said spaced parallel wall portions of each compartment which opens at said compartment open end and is spaced from said further wall portions so as to form a depth limiting shoulder adapted to maintain at least a portion of said second enclosure projecting above said parallel wall portions upon full insertion of said second enclosure into said compartment, each recess forming retaining wall portions which define a space having a width greater than said first predetermined distance and a thickness smaller than said second predetermined distance suitable for securely receiving a second enclosure to thereby prevent movements of a second enclosure within said compartments whereby the manual gripping of any second enclosure is facilitated by said depth limiting shoulder, and whereby each compartment can interchangeably receive either a first or a second enclosure and maintain each securely therein by insertion through an associated compartment open end and respective cooperation with either said guide means or said retaining wall portions of said recesses.

Nowhere in the design applications is the word "insert" used, nor is there any indication that the interiors of the cases are inserts. The drawings do not disclose how the insert can be used to accommodate either cassette or cartridge type tape enclosures. Berkman argues that one skilled in the art would readily recognize that the interiors of the cases illustrated in the design drawings are inserts. We do not agree. There is nothing shown in the drawings to lead one of ordinary skill to such a conclusion.

Because Berkman's design applications fail to disclose the claimed invention sufficiently to comply with the requirements of § 112 first paragraph, his utility application is not entitled under 35 U.S.C. § 120 to the benefit of the filing date of the design applications. The § 102(b) rejection is affirmed.

AFFIRMED.